Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Telephone: (215) 540-8888 ext. 104
Attorney of Record: Jacob U. Ginsburg (JG2442)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| **TRACY ATKINSON,** Plaintiff, v. **CHOICE HOME WARRANTY,** Defendant. | **Case No.:** 3:22-cv-4465 **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

TRACY ATKINSON ("Plaintiff" or "Ms. Atkinson"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CHOICE HOME WARRANTY ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740,

747, 181 L. Ed. 2d 881 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Defendant conducts business in the State of New Jersey.

4. Further, Defendant maintains its corporate headquarters within the District of New Jersey at 1090 King Georges Post Road, Edison, NJ 08837.

5. Accordingly, this Court has personal jurisdiction over Defendant in this matter.

6. Furthermore, venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

7. Ms. Atkinson is a natural person residing in Spring Branch, TX 78070.

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Choice Home Warranty is a corporation that has its principal place of business, head office, or otherwise valid mailing address at 1090 King Georges Post Road, Edison, NJ 08837.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, Ms. Atkinson maintained a cellular telephone, the number for which was (210) XXX-8889.

13. At all times relevant hereto, Plaintiff primarily used that cell phone for residential purposes.

14. Ms. Atkinson registered that cell phone number on the Do Not Call Registry on or around December 2, 2008.

15. Plaintiff registered that cell phone number on the Do Not Call list in order to obtain solitude from unwanted telemarketing and solicitation calls.

16. Beginning on or around October 13, 2021, Defendant began calling Ms. Atkinson on her cellular telephone to sell Plaintiff a home warranty plan.

17. Prior to receiving the calls from Defendant, Plaintiff never sought information about home warranties, specifically the home warranty that Defendant sought to sell Plaintiff.

18. Plaintiff did not consent to being contacted by Defendant.

19. The calls were not made for "emergency purposes," but rather for telemarketing purposes.

20. Despite registration on the Do Not Call Registry, Defendant placed calls to Ms. Atkinson on numerous occasions attempting to solicit Plaintiff a home warranty plan that Plaintiff had no interest in.

21. In total, Defendant placed at least 7 calls to Plaintiff.

22. An inexhaustive list of those calls to Plaintiff's cell phone is below:

| **Date:** | **Caller ID:** |
| --- | --- |
| October 13, 2021 9:09 am | 210-712-1299 |
| October 18, 2021 4:33 pm | 210-712-1299 |
| October 22, 2021 1:16 pm | 210-712-1299 |
| October 27, 2021 3:12 pm | 210-712-1299 |
| October 27, 2021 3:18 pm | 817-406-9994 |
| October 28, 2021 12:05 pm | 210-714-5061 |
| November 1, 2021 5:10 pm | 210-712-1299 |

23. Upon information and belief, Ms. Atkinson received additional calls from Defendant not included in the above.

24. In an effort to confirm the identity of the party making the harassing calls, Ms. Atkinson, during the October 27, 2021 3:12 call, asked if the company making the calls had a website. The agent provided "ChoiceHomeWarranty.com" as the website associated with the party making the calls.

25. During that same call, after Plaintiff asked how the calling party got her number, Plaintiff stated, "I was never looking for a home warranty that's why I was wondering how you got my number."

26. Defendant's agent said, "what I can do is take you off the call list and you shouldn't be getting any more calls after this."

27. Plaintiff told Defendant's agent that was good and thanked him for putting her on that list.

28. Less than 10 minutes later, Plaintiff received another call from Defendant.

29. Plaintiff immediately told the representative that she just asked to be removed from Defendant's call list. Defendant's agent assured Plaintiff she would be removed from the call list.

30. Despite that assurance from Defendant's agent, Plaintiff received another call on October 28, 2021 at 12:05 pm.

31. During the October 28, 2021 call, Plaintiff again immediately informed Defendant's agent that she had already asked Defendant to stop calling her.

32. Despite telling three different representatives of Defendant, Plaintiff received another call on November 1, 2021 at 5:10 pm.

33. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that her privacy had been invaded by Defendant.

34. Furthermore, Choice Home Warranty sought the business of Plaintiff at her Texas phone number while she was a Texas resident, despite the fact Choice Home Warranty failed to register as a telephone solicitor with the Texas Secretary of State.

35. Upon information and belief, Choice Home Warranty directly placed the subject calls. Accordingly, Plaintiff believes and therefore avers Defendant Choice Home is directly liable.

36. If in fact, during the course of discovery, Plaintiff learns Choice Home engaged a third-party vendor to place the subject calls, Choice Home would be vicariously liable for such calls.

**COUNT I**
**Defendant Violated the TCPA 47 U.S.C. § 227(c)(5)**

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

39. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 2008.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**

43. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

44. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

45. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

46. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Tracy Atkinson,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(c)(5) and §302.302 of the Texas Business and Commerce Code;

b. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(B);

c. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(C);

d. Injunctive relief (as provided under 47 U.S.C. § 227(c);

e. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

f. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TRACY ATKINSON, demands a jury trial in this case.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: July 6, 2022

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com

9

PLAINTIFF'S COMPLAINT